# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD MCGRAW,**

          **Plaintiff,**

**-vs-**                                      **Case No.  6:07-cv-234-Orl-28DAB**

**FLEETWOOD ENTERPRISES, INC.,**
**WORKHORSE CUSTOM CHASSIS, LLC,**

          **Defendants.**
_____

## ORDER

This cause is before the Court on the Motion for Reconsideration (Doc. 23) filed by

Defendant Fleetwood Enterprises, Inc. ("Fleetwood").  Fleetwood seeks reconsideration of

this Court's May 24, 2007 Order (Doc. 22) granting in part and denying in part Fleetwood's

Motion to Dismiss and to Strike (Doc. 4).  Plaintiff has not responded to the motion for

reconsideration.  The motion for reconsideration is well-taken.

I.  Standard for Motion for Reconsideration

To prevail on a motion for reconsideration, "the moving party must demonstrate why

the court should reconsider its prior decision and set forth facts or law of a strongly

convincing nature to induce the court to reverse its prior decision."  Instituto de Prevision

Militar v. Lehman Bros., Inc., 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (internal quotation

omitted).  "'Courts have distilled three major grounds justifying reconsideration:  (1) an

intervening change in controlling law; (2) the availability of new evidence; and (3) the need

to correct clear error or manifest injustice." Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla. 1993)).  Fleetwood satisfies its burden on the third ground.  Thus, the Court issues anew its ruling on the motion to dismiss.

## II.  Discussion

This suit arises from Plaintiff's purchase of a motor home manufactured by Fleetwood and alleged defects in that motor home.  In his Complaint, Plaintiff brings five claims against Fleetwood:[1]  breach of written warranty (Count I); breach of implied warranty of fitness for a particular purpose (Count II); breach of implied warranty of habitability and workmanship (Count III); violation of 16 C.F.R. § 701.3 (Count IV); and revocation of acceptance (Count V).  In its motion to dismiss, Fleetwood seeks dismissal of Counts II, III, and V.

As an initial matter, the Court notes that in the Complaint Plaintiff states that counts II, III, and V are brought "pursuant to 15 U.S.C. § 2310(d)" – part of the Magnuson-Moss Warranty Act.  This section provides in pertinent part that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . in any court of competent jurisdiction in any State or the District of Columbia; or . . . in an appropriate district court of the United States."  15 U.S.C. § 2310(d)(1).  As correctly noted by Fleetwood, the Magnuson-Moss Warranty Act provides for the bringing of suit to remedy an implied warranty problem, but the

---

[1]Plaintiff also brings four counts against another defendant, Workhorse Custom Chassis, L.L.C., (see Compl., Doc. 3), but those counts are not currently at issue. Workhouse Custom Chassis has answered the Complaint.  (Answer, Doc. 5).

underlying implied warranty derives from state law.  See, e.g., 15 U.S.C. § 2301(7) (providing

that "[t]he term 'implied warranty' means an implied warranty arising under State law . . . in

connection with the sale by a supplier of a consumer product").  Plaintiff does not mention

Florida law in his Complaint, but in their motion papers the parties address Florida law.

Counts II, III, and V are not viable, however, under Florida law.

Count II

In Count II, Plaintiff alleges a claim for breach of an implied warranty of fitness for a

particular purpose.  Fleetwood seeks dismissal of this count on the basis that Plaintiff and

Fleetwood are not in privity of contract as required for an implied warranty claim under

Florida law.

Count II must be dismissed for several reasons.  First, Plaintiff does not respond at

all to the motion to dismiss insofar as it pertains to Count II, and thus the motion to dismiss

Count II is unopposed.  See Local Rule 3.01(b), Local Rules of the United States District

Court, Middle District of Florida ("Each party opposing a motion or application shall file within

ten (10) days after service of the motion or application a response that includes a

memorandum of legal authority in opposition to the request . . . .").  Second, Plaintiff has not

identified the "particular purpose" for which the motor home was not fit; such an allegation

is required under Florida law.  See Weiss v. PPG Indus., Inc., 138 F.R.D. 289, 293 (M.D. Fla.

1993) ("Florida courts have determined that in order to state a cause of action for [breach

of] an implied warranty of fitness for a 'particular purpose' . . . a plaintiff [must] allege the

'particular' purpose for which the goods were warranted as opposed to 'ordinary use' under

a warranty of merchantability."); Fred's Excavating & Crane Serv., Inc. v. Cont'l Ins. Co., 340

So. 2d 1220 (Fla. 4th DCA 1976) ("We find no error in the trial court's dismissal of Count III, which attempted to allege a cause of action for breach of an implied warranty of fitness for a particular purpose, because Count III fails to allege a particular or unusual use different from the purpose for which the item sold is ordinarily used."); see also § 672.315, Fla. Stat. ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.").

Finally, Defendant is correct that the lack of privity between Fleetwood and Plaintiff precludes his implied warranty claims.  There is some disagreement among courts as to whether privity is a prerequisite for the assertion of an implied warranty claim,[2] but the law in Florida is that privity is required.  See, e.g., Lebel v. Rampage Sport Fishing Yachts, No. 06-61890-CIV, 2007 WL 1724942, at *3 (S.D. Fla. June 14, 2007) ("Defendant correctly notes that, under Florida law, a cause of action for breach of implied warranty of merchantability or fitness for a particular purpose cannot exist in the absence of privity."); T.W.M. v. Am. Med. Sys., Inc., 886 F. Supp. 842, 844 (N.D. Fla. 1995) ("The law of Florida

_____

[2]For example, the Indiana Supreme Court decided in 2005 that in Indiana, privity is not required for a breach of implied warranty of merchantability claim.  See Pizel v. Monaco Coach Corp., 364 F. Supp. 2d 790 (N.D. Ind. 2005) (noting decision to that effect in Hyundai Motor America, Inc. v. Goodin, 822 N.E.2d 947 (Ind. 2005), but declining to extend that holding to allow claim for breach of implied warranty of fitness for a particular purpose in the absence of privity).  On the other hand, the Supreme Court of Ohio clarified just weeks ago that "[i]n Ohio, purchasers of automobiles may assert a contract claim for breach of implied warranty of merchantability, pursuant to the Magnuson-Moss Warranty Act, only against parties with whom they are in privity of contract."  Curl v. Volkswagen of Am., Inc., No. 2006-0115, 2007 WL 2075301, at *6 (Ohio July 18, 2007).

is that to recover for the breach of [an implied] warranty, . . . the plaintiff must be in privity of contract with the defendant."); Rentas v. DaimlerChrysler Corp., 936 So. 2d 747, 751 (Fla. 4th DCA 2006) ("Because Florida law requires privity for a breach of implied warranty claim, the plaintiff's claim was barred . . . ."); Brophy v. DaimlerChrysler, 932 So. 2d 272, 275 (Fla. 2d DCA 2005) ("[W]e affirm the dismissal of the remaining counts for [breach of] implied warranty because [the plaintiff's] amended complaint did not allege the requisite privity of contract."); Mesa v. BMW of N. Am., Inc., 904 So. 2d 450, 458 (Fla. 2d DCA 2005) ("Under Florida law, a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity.").  This conclusion is also, of course, supported by the Florida statutory language, which refers to "the seller"[3]– something Fleetwood is not alleged to have been in this case.[4]  See § 672.315, Fla. Stat. (quoted infra).

Plaintiff has not alleged privity in the Complaint, nor has Plaintiff alleged an actionable claim based on agency principles.[5]  Although there are some references to representations by "authorized sales agents" of Fleetwood in the Complaint, Plaintiff has not argued in response to the motion that any such representations create privity that otherwise is lacking; as noted earlier, Plaintiff has made no response at all regarding Count II.  Count II must be

_____

[3]"Seller" is defined in Florida's version of Article 2 of the Uniform Commercial Code as "a person who sells or contracts to sell goods."  § 672.103(1)(d), Fla. Stat.

[4]Plaintiff has not challenged Fleetwood's assertion – supported by the contract attached to Plaintiff's Complaint – that the motor home at issue was sold to Plaintiff by "RV World, Inc." rather than by Fleetwood.  (See Retail Installment Contract and Security Agreement, Ex. A to Doc. 3, at 1 (identifying Seller as "RV World, Inc.")).

[5]See, e.g., Lebel, 2007 WL 1724942, at *3 (nothing that privity can arise through agent).

dismissed.[6]

<u>Count III</u>

In Count III, Plaintiff alleges breach of an implied warranty of habitability and workmanship.  As with Count II, Count III must be dismissed due to the lack of privity between Plaintiff and Fleetwood.  Additionally, Defendant correctly notes that Plaintiff has presented no authority[7] for the existence of a warranty of habitability in Florida outside the context of housing; indeed, it has been held that no such warranty exists for vehicles.  <u>See Maddox v. Fleetwood Motor Homes of Ind., Inc.</u>, No. 8:05-cv-1248-T30-TBM, 2005 WL 2062763, at * 1 (M.D. Fla. Aug. 22, 2005) ("Florida law does not acknowledge the existence of a separate implied warranty of habitability or workmanship for motor vehicles."); <u>cf. Grant v. Thornton</u>, 749 So. 2d 529, 531 (Fla. 2d DCA 1999) (noting, in case involving apartment, that section 83.51, Florida Statutes, entitled "Landlord's obligation to maintain premises," "has been said to create a statutory warranty of habitability").  There is no provision for such a warranty in Florida's version of the Uniform Commercial Code, and it is difficult to fathom

---

[6]This case is distinguishable from <u>Cedars of Lebanon Hospital Corp. v. European X-ray Distributors of America, Inc.</u>, 444 So. 2d 1068 (Fla. 3d DCA 1984), on which this Court based its original ruling on the motion to dismiss Count II.  Upon further consideration, the Court concludes that the ruling in that case was strictly limited to its facts, which involved alleged direct contacts between the plaintiff and the manufacturer's sales representatives, as well as "direct representations" by those sales representatives.  Plaintiff has not alleged such direct contacts here, and as noted in the text Plaintiff has not argued that he has alleged such contacts.  References to, and representations in, Fleetwood's express written warranty are not sufficient to constitute contacts that could potentially support implied warranty claims, even under <u>Cedars</u>.

[7]In his opposition memorandum (Doc. 6), Plaintiff argues against dismissal of Count III but does not address Fleetwood's contention that there is no cause of action in Florida for breach of warranty of habitability with regard to vehicles.

the supposed existence of an implied warranty at common law of "habitability of a motor home."  Count III must be dismissed.

Count V

In Count V, Plaintiff alleges "revocation of acceptance pursuant to section 2310(d) of the Magnuson-Moss Warranty Act."  (See Compl. at 10).  Plaintiff has not responded to Defendant's motion to dismiss this count; as with Count II, this count is thus due to be dismissed on this basis alone.[8]  Moreover, Defendant correctly notes that this claim must be construed as a "revocation of acceptance" claim under section 672.608, Florida Statutes.  As with the implied warranty claims, such a claim is viable only if the parties are in privity.  See Mesa, 904 So. 2d at 459-59.  Count V must also be dismissed.

Motion to Strike

In its motion, Fleetwood also seeks to strike the references in the Complaint to Fleetwood as "Full Warrantor."  Fleetwood contends that this moniker is misleading because, as evidenced by the warranty attached to Plaintiff's Complaint, Fleetwood provided a "Limited" rather than a "Full" Warranty.  (See Ex. B to Doc. 3).  Plaintiff responds that it employed "Full Warrantor" in the Complaint to refer to Fleetwood not "in the legal sense of the term" but merely "factually . . . to describe who Plaintiff considers to be the warrantor of the entire travel trailer."  (Pl.'s Mem. at 3-4).  However, the Court agrees with Fleetwood that the term "Full Warrantor" is misleading and confusing.  The motion to strike is granted, and

_____

[8]Curiously, although Plaintiff failed to respond to Fleetwood's arguments regarding Counts II and V, Plaintiff does make an argument in his opposition memorandum regarding 16 C.F.R. § 701.3 – the regulation mentioned in Count IV of the Complaint, a count which Fleetwood has not moved to dismiss.  (See Pl.'s Mem. at 4-5).

the references in the Complaint to Fleetwood as "Full Warrantor" are stricken.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  This Court's prior Orders granting in part and denying in part Fleetwood's motion to dismiss (Doc. 22) and granting in part Fleetwood's motion for reconsideration (Doc. 23) are hereby **VACATED**.  This Order is entered in their stead.

2.  Fleetwood's motion to dismiss and to strike (Doc. 4) is **GRANTED** in all respects as set forth herein.  Counts II, III, and V of the Complaint (Doc. 3) are **DISMISSED**, and the references in the Complaint to Fleetwood as a "Full Warrantor" are **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida this 1st day of August, 2007.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party